J-S64039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES SCOTT THOMAS | |
| Appellant | No. 863 WDA 2014 |

Appeal from the PCRA Order April 7, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005110-2002
CP-02-CR-0005111-2002; CP-02-CR-0005113-2002

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:              **FILED NOVEMBER 19, 2014**

Appellant, Charles Scott Thomas, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On February 2, 2004, Appellant entered an open guilty plea to five (5) counts of involuntary deviate sexual intercourse—forcible compulsion, three (3) counts of incest, and two (2) counts of rape—forcible compulsion. Appellant's guilty plea stemmed from the sexual abuse of his three biological children, all of whom were under the age of thirteen (13) at the time of the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

abuse. The Commonwealth subsequently withdrew the rape charges in exchange for Appellant's agreement not to withdraw his guilty plea and to proceed to sentencing on the remaining charges. The court sentenced Appellant on May 27, 2004, to an aggregate term of thirty (30) to sixty (60) years' imprisonment. Appellant did not file any post-sentence motions or a direct appeal.

Appellant filed a counseled PCRA petition on February 10, 2014. The PCRA court issued on February 18, 2014, notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded to the Rule 907 notice on March 24, 2014, and the PCRA court denied Appellant's petition as untimely on April 7, 2014. Appellant timely filed a counseled notice of appeal on May 6, 2014. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issues for our review:

> DOES THE COMPLETE ABSENCE OF DISCOVERY IN THIS MATTER DEMONSTRATE NOT ONLY THE FAILURE OF DEFENSE COUNSEL BUT ALSO A WILLFUL VIOLATION OF **BRADY** BY THE COMMONWEALTH, AND DO THE NEWLY DISCOVERED FACTS OF THE FAILURES OF COUNSEL AND PROSECUTION OVERCOME THE JURISDICTIONAL TIME BAR FOR [APPELLANT]?
>
> AS A CASE OF FIRST IMPRESSION, WHERE [APPELLANT'S] PRIOR COUNSEL OBTAINED NO DISCOVERY AT TRIAL AND THE COMMONWEALTH FAILED TO PRODUCE ANY DISCOVERY PRE- OR POST-TRIAL, IS [APPELLANT]

ENTITLED TO BROAD DISCOVERY TO ELUCIDATE A POSSIBLE **BRADY** VIOLATION AND OTHER CONSTITUTIONAL ERRORS IN THE CASES FILED AGAINST HIM, OR AT LEAST TO A HEARING TO DETERMINE WHETHER DISCOVERY IS NEEDED?

IS APPELLANT…AFTER BEING REPRESENTED BY MULTIPLE DEFENSE ATTORNEYS, ALL OF WHOM FAILED TO REQUEST OR REQUIRE DISCOVERY FROM THE COMMONWEALTH, ENTITLED TO A HEARING ON THE FUNDAMENTAL RIGHT OF COMPETENT DEFENSE COUNSEL, BASED ON THE LACK OF EVIDENCE FOR HIS PLEA AND THOSE COUNSELS' ADVICE TO PLEAD GUILTY TO SERIOUS FELONIES?

IS THE RIGHT TO A SPEEDY TRIAL, AND SPECIFICALLY PA.R.CRIM.P. 600, VIOLATED WHEN A PERIOD OF NON-EXCLUDABLE TIME AND A CONFLAGRATION OF OTHER EVENTS DEMONSTRATE INEFFECTIVENESS OF COUNSEL AND UNDUE DELAY BY THE COMMONWEALTH?

(Appellant's Brief at 8).

As a preliminary matter, we must determine whether Appellant timely filed his current PCRA petition. **Commonwealth v. Harris**, 972 A.2d 1196 (Pa.Super. 2009), *appeal denied*, 603 Pa. 684, 982 A.2d 1227 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Bretz**, 830 A.2d 1273 (Pa.Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the

United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused.  42 Pa.C.S.A. § 9545(b)(1).  To invoke an exception, a petition must allege and the petitioner must prove:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Additionally, a petitioner asserting a timeliness exception must file a petition within sixty (60) days of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).  "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims."  ***Commonwealth v.***

*Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, Appellant's judgment of sentence became final on or about June 26, 2004, upon expiration of the time to file a direct appeal. Appellant filed his PCRA petition on February 10, 2014, more than nine (9) years after his judgment of sentence became final. Accordingly, Appellant's petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to allege governmental interference and newly discovered facts to excuse the untimeliness of his PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii). Appellant claims the prosecution failed to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that this "evidence" is newly discovered and could not have been previously discovered with due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii). Nevertheless, Appellant maintains he cannot know specifically what the newly discovered facts are because the Commonwealth has yet to disclose the alleged exculpatory evidence. Therefore, Appellant's bald assertions of governmental interference and newly discovered facts do not meet the exceptions to the PCRA's timeliness requirements. Moreover, as a general rule, the "entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." *See Commonwealth v. Main*, 6 A.3d 1026, 1028 (Pa.Super. 2010). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2014